UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

KALVIN HARRIS,

    Plaintiff,

v.

NIKHIL COOPER, et. al.,

    Defendants.

Case No. 17-cv-0871-NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court granted plaintiff leave to proceed in forma pauperis. (Doc. 4.)

## DISCUSSION

### Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff states that he was denied parole because he is Muslim and defendants conspired against him due to his religion.

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id*. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id*. A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id*. at 856-57.

Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id*. Conspiracy may, however, enlarge the pool of responsible defendants by demonstrating their causal connection to the violation; the fact of the conspiracy may make a party liable for the unconstitutional actions of the party with whom he has conspired. *Id*. Conspiracy in § 1983 actions is usually alleged by plaintiffs to draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine, or to aid in proving claims against otherwise tenuously connected parties in a complex case. *Id*.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *Thornton v. City of St. Helens,* 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim).

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A prisoner is not required to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a viable claim under the Free Exercise Clause. *Id*. at 884-85. Rather, the sincerity test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free Exercise Clause applies. *Id*. (finding district court impermissibly focused on whether consuming Halal meat is required of Muslims as a central tenet of Islam, rather than on whether plaintiff sincerely believed eating kosher meat is consistent with his faith). The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884).

3

The Board of Parole Hearings ("BPH") granted plaintiff parole on June 6, 2014. On September 14, 2014, the governor reversed the grant. Plaintiff with the assistance of counsel filed a habeas petition in the Los Angeles County Superior Court on April 17, 2015. A Deputy Attorney General was assigned to the case and ordered to respond on June 19, 2015. On March 4, 2016, the Los Angele County Superior Court granted the habeas petition and ordered the BPH to release plaintiff unless the BPH determined that there was cause for rescission of parole. A rescission hearing was held on November 4, 2016, and plaintiff's parole was rescinded. It is not clear if plaintiff is taking further action in state court.

Plaintiff argues that after the Deputy Attorney General was assigned, he and various prison officials conspired to falsely produce documents regarding plaintiff's record and gang affiliation to deny plaintiff parole because he is Muslim. Plaintiff also states that various prison documents were back dated to justify the denial of parole.

Plaintiff specifically alleges that after the Deputy Attorney General was assigned the case, he requested plaintiff's prison records and then other defendants conducted a cell search and confiscated plaintiff's religious materials. Plaintiff states that a prison gang investigator stated, "We need to see if there's anything in your Bible that we can use against you . . . Aren't all you Muslim guys radicalized?" Plaintiff alleges the defendants conspired in these activities. Plaintiff also contends that various state laws and prison regulations were violated which resulted in the rescission of his parole. He seeks money damages and injunctive relief. The complaint is dismissed with leave to amend. To the extent that plaintiff challenges the procedures used in the denial of parole or in the rescission hearing, he must file a habeas petition once he has exhausted the claims in state court.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Furthermore, even if defendants failed

4

to properly follow state law or state regulations, plaintiff must show that a right secured by the Constitution or laws of the United States was violated.

Plaintiff should also address the status of his state court habeas petition and if he has challenged the rescission of parole. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

Plaintiff's has also failed to present sufficient allegations to demonstrate conspiracy and violations of the Equal Protection Clause. While a gang investigator allegedly made inappropriate comments regarding plaintiff's religion, he has failed to show that the BPH denied him parole due to his religion or that he was treated different from other groups. In addition his allegations that the Deputy Attorney General conspired with other officials does not present enough plausible allegations. To the extent that religious items were confiscated from plaintiff's cell he has also failed to show that defendants burdened the practice of his religion without any justification reasonably related to legitimate penological interests. The complaint is dismissed with leave to amend to address the legal standards set forth above and to provide more information.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 14, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge